IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERA McBRIDE,

        Plaintiff,

v.

    CIVIL ACTION NO.
    1:05-CV-2547-JEC

ALBERT MURRAY, individually and
in his official capacity as
Commissioner of Georgia
Department of Juvenile Justice,

        Defendant.

## ORDER & OPINION

This case is presently before the Court on defendant's Motion to Dismiss Complaint in Lieu of Answer [3] AND Petitioner's Notice of Motion and Motion to Remand and for Attorneys Fees [5]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that petitioner's Notice of Motion and Motion to Remand and for Attorneys Fees [5] should be **DENIED** and defendant's Motion to Dismiss Complaint in Lieu of Answer [3] should be **GRANTED**.

## BACKGROUND

This case is presently before the Court on a somewhat odd procedural posture. Until June 2003, plaintiff worked as a juvenile

correctional officer at the Augusta Youth Development Campus ("AYDC") in Augusta, Georgia a facility under the authority and management of GDJJ. On or about June 6, 2003, defendant notified plaintiff that her employment would be terminated, effective June 21, 2003. (Defs.' Resp. to Petitioner's Mot. to Remand and for Attorneys Fees ("Resp. to Remand") [6] at 1.) On June 9, 2003, plaintiff submitted a written response challenging the grounds for her dismissal. (Pet. for Writ of Mandamus ("Pet. Mandamus") at ¶ 8, attach. as Ex. 2 to Removal.) Plaintiff was terminated amid allegations that she was involved in sexual relationships with juvenile inmates at AYDC. (*Id.* at ¶ 10.) As a result of these allegations, plaintiff seeks to clear her name.

Specifically, on August 31, 2004, more than a year after she was terminated, plaintiff Vera McBride filed a Petition for a Writ of Mandamus in the Superior Court of Fulton County, Georgia against defendant Albert Murray in his official capacity as Commissioner of the Georgia Department of Juvenile Justice ("GDJJ"). (District Ct. Not. of Removal ("Removal") [1] at ¶ 1.) Plaintiff's writ of mandamus sought relief, including a name-clearing hearing, as it pertained to her employment with the GDJJ. (Resp. to Remand at 2.)

On March 30, 2005, Judge Thelma Wyatt Cummings Moore, of the Superior Court of Fulton County, issued an Order of Mandamus indicating that the petitioner here, who was the plaintiff in the

state court action, had not been accorded the minimum procedural due process required for the protection of her liberty interest in her "good name, reputation, honor, or integrity" and, consequently, that the Superior Court would retain jurisdiction to convene a name clearing hearing at a future date. (Order of Mandamus ("Order Mandamus") at 1-2, attach. as Ex. 6 to Removal.)  In the same order, the Superior Court indicated that plaintiff's Petition for the Writ of Mandamus did not present a claim under 42 U.S.C. § 1983 for compensatory damages, including attorney's fees. (*Id.* at 2.) Accordingly, the Superior Court denied plaintiff's request for attorney's fees, while at the same time noting, "[d]amages are available under Section 1983 for injury to reputation between the time an aggrieved party is denied due process and the time of a name clearing hearing, including the recovery of compensatory damages in the amount in attorneys fees expended in obtaining a name clearing hearing." (*Id.* at 2 n.1.)

Apparently taking a cue from the Superior Court's order, on September 2, 2005, plaintiff amended her action to name defendant Murray in his individual capacity and add a claim under 42 U.S.C. § 1983.[1] (Pet'r Mem. in Supp. of Pet'r Mot. to Remand and in Opp'n to Resp't Mot. to Dismiss in Lieu of Answer ("Mot. to Remand") [4]

---

[1] Until plaintiff filed her amended complaint, defendant Murray was named in his official capacity only.

3

at 3; Resp. to Remand at 6.) On October 3, 2005, defendant removed this action to the United States District Court for the Northern District of Georgia. (*Id.* at 4.) Thereafter, on October 6, 2005, defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. to Dismiss ("Dismiss") [3] at 1.) On October 21, 2005, plaintiff filed a motion to remand this action back to the Superior Court of Fulton County on the grounds that defendant's removal was untimely. (Mot. to Remand at 1.)

## DISCUSSION

### I.   Plaintiff's Motion to Remand

Plaintiff moves this Court to remand this action back to the Superior Court of Fulton County on the ground that defendant's removal was untimely. Defendant contends that its removal was timely, in that defendant removed the action promptly after the plaintiff amended her Complaint to add a § 1983 claim.

In arguing that defendant's removal was untimely, plaintiff notes that her original petition for writ of mandamus filed in August of 2004 stated a federal question which rendered this action removable. Accordingly, plaintiff argues, having elected not to remove the case in August of 2004, defendant has waived the right to do so now that plaintiff has added this § 1983 claim. It is true that plaintiff's original writ did throw in language indicating that

4

her prayer for relief was made pursuant to the 5th and 14th Amendments to the United States Constitution. That allegation, by itself, does not state a basis for federal question jurisdiction because a plaintiff does not possess a private right of action under the 14th Amendment. Rather, it is only via the statutory vehicle of 42 U.S.C. § 1983 that a plaintiff may seek to vindicate his 14th Amendment rights. *See BellSouth Telecomms., Inc. v. MCImetro Access Transmission*, 317 F.3d 1270, 1296 (11th Cir. 2003); *Ramirez v. Sloss*, 615 F.2d 163, 167 n.5 (5th Cir. 1980).[2] Accordingly, until plaintiff amended her writ to include a claim under 42 U.S.C. § 1983, there was no basis for defendant to remove this action. Once plaintiff did state a claim under § 1983, pursuant to 28 U.S.C. § 1446,[3] defendant properly removed the action. Moreover, defendant did so within the thirty days prescribed by 28 U.S.C. § 1446.[4]

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

[4] Plaintiff has objected to defendant's removal as untimely on the ground that the time for removal started to run on September 23, 2004, which was the date the plaintiff served her Petition for Writ of Mandamus on the defendant. Plaintiff has not argued that

Thus, plaintiff's argument that the removal is untimely is without merit. Accordingly, the Court **DENIES** plaintiff's Motion to Remand and for Attorneys Fees [5].[5]

## II. Defendant's Motion to Dismiss

### A. Standard on Motion to Dismiss

A party moving for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted carries

---

defendant's October 3, 2005 removal exceeded the 30 day time period provided for removal by statute. (*See* Mot. to Remand at 3-5.)

Had plaintiff made this argument, it would appear not to be meritorious. Specifically, plaintiff filed her amended complaint on September 2, 2005, and defendant removed the action on October 3, 2005. (The Court is not certain on what date the defendant actually <u>received</u> the amended complaint, which would be the operative event and would necessarily occur later than the time on which the complaint was filed). Although the thirtieth day from September 2nd would be October 2nd, October 2nd fell on a Sunday in 2005. Under FED. R. CIV. P. 6(a) (2006), "[i]n computing any period of time prescribed or allowed by these rules . . . or by any applicable statute . . . [t]he last day of the period so computed shall be included, <u>unless it is</u> a Saturday, <u>a Sunday</u>, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." (emphasis added) Thus, without even considering the date on which the defendant actually received the amended complaint, defendant's removal was timely.

[5] While the Court does ultimately remand this action back to the Superior Court of Fulton County, it does so, not because plaintiff was right in making her motion to remand, but because the defendant was correct in urging the Court to dismiss plaintiff's newly-added § 1983 claim. With the dismissal of this § 1983 claim, only a state law claim remains and the Court has remanded that claim back to the Superior Court. Thus, defendant, not plaintiff, is the prevailing party as to this action before this Court.

the burden of proving that no claim has been stated. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996)(internal citations omitted). For purposes of a Rule 12(b)(6) motion, the Court may consider only those facts alleged in the pleadings and their exhibits. The Court accepts the facts as alleged by plaintiff to be true, drawing all reasonable inferences in plaintiff's favor. *In re Johannessen*, 76 F.3d at 349-50; *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir. 1996).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss . . . the allegations of the complaint should be construed favorably to the pleader." *Taylor v. Ledbetter*, 818 F.2d 791, 794 n.4 (11th Cir. 1987)

**B.   Application of Standard to Facts Presented in this Case**

Here, construing all facts and drawing all reasonable inferences in plaintiff's favor, plaintiff has still failed to state a claim upon which relief can be granted.

7

"[A]lthough damage to reputation, standing alone, does not provide a basis for an action under 42 U.S.C. § 1983 -- when reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty which is actionable under section 1983." *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000). "[T]his circuit's standard for determining whether the deprivation of an individual's liberty interest has occurred without due process of law . . . [requires that plaintiff] prove: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." *Buxton v. City of Plant City*, 871 F.2d 1037, 1042 (11th Cir. 1989)(internal citations omitted). However, importantly, whenever "adequate state remedies were available to provide Plaintiff with the opportunity for a name clearing hearing, he has failed to state a procedural due process claim." *Cotton*, 216 F.3d at 1330.

In *Cotton*, this circuit concluded that the plaintiff's entitlement under Georgia law to seek a writ of mandamus compelling a name clearing hearing meant that the plaintiff had failed to state a claim for a procedural due process violation. In the Eleventh Circuit's own words, "[b]ecause we believe that the writ of mandamus would be available under state law to Plaintiff, and because we

8

believe that mandamus would be an adequate remedy to ensure that Plaintiff was not deprived of his due process rights . . . we conclude that Plaintiff has failed to show that inadequate state remedies were available to him to remedy any alleged procedural deprivations. Therefore, Plaintiff has failed to state a claim for a procedural due process violation . . ." *Id.* at 1333.

In this case, plaintiff sought a writ of mandamus to which the Superior Court of Fulton County responded with an order of mandamus granting plaintiff's request for a name clearing hearing. (*See* Order Mandamus at 2.) Accordingly, under the law of this circuit, plaintiff has failed to show that inadequate state remedies were available to her to remedy any alleged procedural deprivations and, therefore, plaintiff has failed to state a claim for a procedural due process violation. *See Cotton*, 216 F.3d at 1333. "[T]he presence of a satisfactory state remedy mandates that we find that no procedural due process violation occurred." *McKinney v. Pate*, 20 F.3d 1550, 1564 (11th Cir. 1994).[6]

Plaintiff having failed to state a claim, the Court **GRANTS** defendant's Motion to Dismiss Complaint in Lieu of Answer [3]. As a result of this ruling, the possibility of damages (attorneys fees)

---

[6] Given this ruling, the Court does not have to reach Defendant's assertion of a qualified immunity defense for defendant Murray, in his individual capacity. Nevertheless, defendant's position appears well-taken.

9

for a § 1983 violation, referenced in a footnote to the Superior Court's order of mandamus, which footnote seems to have started this action on its journey here, cannot come to pass.

**III.     Exercise of Supplemental Jurisdiction By This Court**

Having now dismissed the one federal claim in the amended action, the Court must determine whether to continue to consider the remaining state law claim or whether to decline to exercise its supplemental jurisdiction over that claim. Where a federal court has dismissed all the federal claims over which it has original jurisdiction, that court may decline to exercise supplemental jurisdiction over any remaining state law claims. *See McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002) (citing 28 U.S.C. § 1367(c)(3)). The Supreme Court has directed lower federal courts to avoid "needless decisions of state law," especially when federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

For these reasons, the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claim. Typically, in a situation in which the Court takes this action, it dismisses without prejudice the remaining state law claims. That action then requires the plaintiff to file, or refile, the action in state court. Here, prior to removal, the Superior Court had indicated that it would conduct a name clearing hearing at "a future date". To avoid

10

creating any additional procedural obstacles to resolution of the state law claim, this Court will not dismiss the state law claim, thereby requiring the plaintiff to refile it, but will simply remand that claim back from whence it came. Accordingly, the Court **REMANDS** plaintiff's state law claim to the Superior Court for Fulton County.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Notice of Motion and Motion to Remand and for Attorneys Fees [5] and **GRANTS** defendant's Motion to Dismiss Complaint in Lieu of Answer [3]. Nonetheless, for the reasons stated above, the state law claim is remanded to the Fulton County Superior Court.

SO ORDERED, this 16 day of March 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

11